IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| McKINLEY BELL, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-14-1647 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate McKinley Bell, proceeding *pro se*, filed a section 2254 habeas petition challenging his conviction and sentence for aggravated robbery with a deadly weapon. Respondent filed a motion for summary judgment (Docket Entry No. 8), to which petitioner filed a response (Docket Entry No. 9).

Based on consideration of the motion, the record, and the applicable law, the Court **GRANTS** respondent's motion for summary judgment and **DISMISSES** this case for the reasons that follow.

### I. PROCEDURAL BACKGROUND

Petitioner was convicted of aggravated robbery with a deadly weapon and sentenced to sixty-five years incarceration in June of 2009. The conviction was affirmed on appeal, *Bell v. State*, No. 14-09-00537-CR, 2010 WL 1790810 (Tex. App.–Houston [14th Dist.] 2010, pet. ref'd), and the Texas Court of Criminal Appeals refused discretionary review.

Petitioner's application for state habeas relief, filed with the trial court in 2011, was denied by the Texas Court of Criminal Appeals on March 19, 2014.

Petitioner filed the instant federal habeas petition on May 16, 2014, raising the following grounds for relief:

(1) Trial counsel was ineffective in:

    (a) failing to correct a factual error in the prosecutor's opening statement;

    (b) failing to file timely pretrial motions and obtain rulings;

    (c) failing to investigate;

    (d) failing to discover the existence of a surveillance videotape;

    (e) failing to discover a police officer's written incident report;

    (f) failing to object to and suppress his in-court identification;

    (g) failing to subpoena a material witness;

    (h) failing to discover and object to a *Brady* violation; and

    (i) failing to reference a police report in his closing statement.

(2) Appellate counsel was ineffective in failing to challenge properly the factual and legal sufficiency of the evidence on appeal.

(3) The State violated *Brady* by suppressing exculpatory evidence of a surveillance video of the criminal offense.

(4) The evidence is insufficient to support the conviction for robbery.

Respondent argues that these grounds are procedurally defaulted and/or without merit and should be dismissed.

## II. THE APPLICABLE LEGAL STANDARDS

A.   Habeas Review

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary

3

conclusion was unreasonable." *Richter*, 131 S. Ct. at 786. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.* (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B. <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

4

a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III. PROCEDURALLY DEFAULTED CLAIMS

Respondent argues that all but two of petitioner's ineffective assistance of trial counsel claims and his *Brady* violation claim are unexhausted, procedurally defaulted, and barred from consideration at this juncture.

A review of petitioner's direct appeal proceedings shows that he raised only claims for insufficiency of the evidence. On collateral review, petitioner unsuccessfully alleged ineffective assistance of trial counsel as to counsel's failure to subpoena a witness or exclude

5

the complainant's identification; he also unsuccessfully alleged ineffective assistance of appellate counsel. *Ex parte Bell*, WR-80,354-02. Accordingly, the state court record shows that petitioner did not raise his remaining claims for ineffective assistance of trial counsel or a claim as to the alleged *Brady* violation.

Under 28 U.S.C. § 2254(b)(1)(A), a state inmate's petition for federal habeas relief will not be granted unless the inmate has exhausted his state court remedies by presenting his claim the highest court of the state for review. *Jones v. Jones*, 163 F.3d 285, 297–99 (5th Cir. 1998). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest state court in Texas which has jurisdiction to review a petitioner's conviction. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). To proceed before that court, a petitioner must either file a petition for discretionary review or an application for a post-conviction writ of habeas corpus. To provide the State with the necessary opportunity to address a petitioner's claims, each claim must be fairly presented in the appropriate state court. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

Under Article 11.07, § 4 of the Texas Code of Criminal Procedure, a petitioner would be barred by application of the abuse of the writ rule if he attempted to exhaust his claims through a subsequent application for state habeas relief. As a result, such claims would be barred from consideration by the federal district court under the procedural default doctrine. *Id.* at 423.

Under limited circumstances, a petitioner may overcome his procedural default and obtain federal habeas review of his claims if he can demonstrate good cause for the default and actual prejudice as a result of the alleged violation of federal law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995). If a petitioner is unable to show cause and prejudice, he can obtain habeas review only if he can show that applying the procedural bar would constitute a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986) (recognizing a narrow exception to the cause and prejudice requirement when a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense). By "fundamental miscarriage of justice" is meant that he was actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). He must establish that, more likely than not, in light of new evidence, "no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538.

Respondent correctly argues that petitioner's federal habeas grounds 1(a) – (e), (h), (i), and 3 are procedurally defaulted and barred from consideration by this Court. Petitioner establishes neither good cause and prejudice nor a fundamental miscarriage of justice. *See West v. Johnson*, 92 F.3d 1385, 1389 n. 18 (5th Cir.1996); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).

Respondent is entitled to summary judgment dismissal of petitioner's claims for relief 1(a) – (e), (h), (i), and 3 as procedurally defaulted claims.

## IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson*

*v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner raises the following two instances of ineffective assistance of trial counsel.

A. <u>Failure to subpoena defense witness</u>

Petitioner contends that trial counsel was ineffective in failing to subpoena a defense witness, Ryan Clay, who was purportedly with petitioner during the ensuing flight from police.

In responding to this claim on collateral review, trial counsel submitted an affidavit in which he testified as follows:

> I did not believe and continue to not believe that it was necessary or beneficial to call Ryan Clay who was the individual arrested at the same time as [petitioner]. The information in the offense report reflected potential illegal activity on the part of Mr. Clay. His role appeared to be that of an unindicted co-defendant.

9

> [Petitioner] never requested that I call Mr. Clay as a witness in his case. Had [petitioner] requested Mr. Clay's assistance, I would have resisted the request.

*Ex parte Bell*, p. 227.

In rejecting petitioner's claim of ineffective assistance regarding Clay, the state trial court made the following relevant findings:

> 4. The Court finds based on the court reporter's record that an individual named Ryan Clay was a passenger inside of the vehicle that the applicant was operating as he fled from the location of the aggravated robbery.
>
> 5. The Court finds based on the credible affidavit of [trial counsel] that [trial counsel] did not believe it was necessary or beneficial to call Clay as a witness.
>
> 6. The Court finds that it could have been reasonable trial strategy for [trial counsel] to not call Clay as a witness in applicant's trial because Clay had previously informed the police that the applicant pointed a firearm at Clay and forced him to flee with the applicant.

*Id.*, p. 250 (record citations omitted). The state trial court also made the following relevant conclusions of law:

> 2. The applicant fails to show that Clay was available to testify and that his testimony would have been of some benefit to the applicant's defense.

*Id.*, p. 251 (citation omitted). The trial court further concluded that the representation afforded petitioner by trial counsel was sufficient to protect his right to reasonably effective assistance of counsel, and that petitioner failed to prove ineffective assistance of trial counsel. *Id.* The Texas Court of Criminal Appeals expressly relied on these findings and conclusions in denying habeas relief. *Id.*, at cover.

10

Claims that counsel failed to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). For this reason, petitioners making claims of ineffective assistance based on counsel's failure to call a witness must demonstrate prejudice by "nam[ing] the witness, demonstrat[ing] that the witness was available to testify and would have done so, set[ting] out the content of the witness's proposed testimony, and show[ing] that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

Petitioner fails to present probative summary judgment establishing that Clay was available to testify on behalf of petitioner at trial, and that Clay would have testified on behalf of petitioner. In relying on the offense report as evidence of Clay's potential testimony, petitioner fails to show that the potential testimony would have been favorable to the defense. In the report, Clay is reported to have told the police that petitioner pointed a firearm at him and forced him to flee with him. More importantly, petitioner fails to show that, but for counsel's failure to subpoena Clay as a witness, there is a reasonable probability that the result of the trial would have been different. Petitioner falls well short of rebutting the strong presumption that trial counsel's decision not to call Clay as a witness was reasonable trial strategy under the circumstances.

11

The state court rejected petitioner's claim of ineffective assistance. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

B.  <u>Failure to object to and suppress eyewitness identification</u>

Petitioner claims that trial counsel should have objected to, and moved to exclude, the complainant's in-court identification of petitioner.

In denying this claim on collateral review, the state trial court made the following relevant findings of fact:

7.  The Court finds based on the clerk's record that [trial counsel] filed a motion to suppress.

8.  The Court finds based on the court reporter's record that [trial counsel] challenged the State's evidence concerning the identity of the applicant being the individual who robbed the Pizza Hut. [Trial counsel] cross-examined the complainant, [Anderson], as to her identification.

9.  The Court finds based on the court reporter's record that [trial counsel] was able to get Anderson to concede that despite the presence of video cameras and approximately thirty people in the store that she was the only person who can identify the applicant.

*Ex parte Bell*, p. 250 (record citations omitted). The state trial court also made the following relevant conclusions of law:

3.  The applicant fails to show what objections [trial counsel] should have made that would have led to suppress[ion] of evidence. To successfully assert that trial counsel's failure to object amounted to ineffective assistance, an applicant must show that the trial judge would have committed error in overruling such an objection.

> 4. The totality of the representation afforded the applicant by [trial counsel] was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.

*Id.*, p. 251 (citations omitted). The Texas Court of Criminal Appeals expressly relied on these findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

A significant portion of petitioner's argument is based on his speculation that the police officer spoke with the complainant prior to the on-scene identification and tainted her identification by discussing items found in the abandoned vehicle. Petitioner presents no probative summary judgment evidence of such a conversation or that the on-scene identification was tainted, and his conclusory allegations are insufficient to meet his burden of proof. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Moreover, the question of whether the complainant had sufficient time to see petitioner's face before he left the first time went to the weight of the evidence, not its admissibility, and the jury chose to believe the complainant's testimony. Petitioner fails to show that, had counsel raised a particular objection to the identification, the trial court would have committed reversible error in denying the objection or in not excluding the identification. Petitioner further fails to show that, but for counsel's failure to raise any particular objection regarding his identification by complainant, there is a reasonable probability that the result of the trial would have been different.

The state court rejected petitioner's claim of ineffective assistance. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable

application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## V. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Persons convicted of a crime are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. That is, petitioner must show that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different. *See Strickland*, 466 U.S. at 687–88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available non-frivolous ground for appeal. *Evitts*, 469 U.S. at 394. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690–91.

Petitioner complains that appellate counsel failed to challenge, or to challenge adequately, the legal and factual sufficiency of the evidence. The state trial court rejected this argument on collateral review, and expressly found that the totality of the representation

afforded petitioner by appellate counsel was sufficient to protect his right to reasonably effective assistance of counsel. *Ex parte Bell*, p. 252.

In its opinion affirming petitioner's conviction on direct appeal, the intermediate state appellate court held as follows:

> A jury convicted appellant of aggravated robbery and sentenced him to confinement for 65 years in the Institutional Division of the Texas Department of Criminal Justice. *In two issues on appeal, appellant claims the evidence is legally and factually insufficient to support his conviction.*
>
> The facts adduced at trial established that on October 19, 2007, at approximately 9:30 p.m., a man wearing a brown sweater and dark pants entered the Pizza Hut managed by the complainant and stood by the door. The complainant noticed him and saw his face. Shortly thereafter, the same man, now wearing the hood of the sweater and a bandana over his face, approached complainant and demanded she open the cash register and give him the money. The man pointed a firearm at the complainant. The complainant was unable to open and cash register and appellant eventually walked toward the back of the restaurant. The complainant and another employee ran out of the Pizza Hut and over to a nearby Denny's Restaurant, where a call to 911 was made.
>
> Officer B.L. Chebret of the Houston Police Department responded to the call. He was flagged down and advised the suspects were in a small four-door car and the direction they were travelling. Office Chebret pursued the car until it stopped abruptly and two men exited the car, running away. Officer Chebret pursued and apprehended the driver, later identified as appellant. Officer Chebret recovered $527.50 from the ground and in a small black bag located near appellant. Inside the car, officers found a brown sweater, a bandana, a loaded firearm, and a Pizza Hut receipt dated October 19, 2007, at 9:26 p.m. Officer Chebret returned to the Pizza Hut with appellant, and the complainant identified him.
>
> In court, the complainant positively identified appellant as the person who committed the robbery. The complainant identified the sweater found in the car as being the same one appellant was wearing when he committed the robbery. The complainant also identified the bandana found in the car as being the same one appellant had worn over his face when he committed the robbery.

15

> The firearm found in the car was also identified by complainant as being similar to the one pointed at her when appellant committed the robbery.
>
> Appellant did not testify. No witnesses testified for the defense. *In his brief, appellant does not specifically argue how the evidence fails under either the standard for reviewing legal or factual sufficiency of the evidence to support his conviction for aggravated robbery.*
>
> Applying the elements of the offense to the facts of this case, the State was required to prove, beyond a reasonable doubt, that in an attempt to commit theft, and with intent to obtain control of the property, appellant intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death. *Viewing all the evidence in the light most favorable to the verdict*, a rational trier of fact could have found the essential elements of the *offense* beyond a reasonable doubt. Moreover, *viewing the evidence in a neutral light*, the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Accordingly, we overrule both of appellant's issues and affirm the trial court's judgment.

*Bell*, slip op. at *1 (emphasis added, citations omitted). Thus, even though appellate counsel did not specifically argue how the evidence was insufficient under a legal or factual challenge, the intermediate state appellate court reviewed the evidence under both standards and found the evidence legally and factually sufficient to support the conviction. Petitioner fails to demonstrate that, but for appellate counsel's failure to specifically argue how the evidence was insufficient, there is a reasonable probability that the result of the appeal would have been different.[1] Consequently, even assuming appellate counsel were deficient in his

---

[1] Although respondent makes mention of the *Brooks* decision as changing the standards for sufficiency challenges on appeal, this Court notes that the opinion affirming petitioner's conviction on direct appeal was issued May 6, 2010. The *Brooks* decision was not issued until October 6, 2010. *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). The intermediate state court of appeals in petitioner's case applied the standards that were required at the time.

presentation of the sufficiency arguments, petitioner fails to demonstrate actual prejudice under *Strickland*, and his claim falls.

The state court rejected petitioner's claim of ineffective assistance. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## VI. INSUFFICIENCY OF THE EVIDENCE

Petitioner contends that his conviction should be set aside because the State failed to meet its burden of proving the criminal offense of robbery, as no credible evidence identified him as the robber.

This Court has reviewed the findings of fact set forth by the intermediate state appellate court in its opinion affirming the conviction, as well as made an independent review of the state court record. The Court's review of the evidence is limited to consideration of whether, viewing the evidence "in the light most favorable to the prosecution, any rational of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000).

The facts as set forth by the intermediate state appellate court in its opinion adequately summarize the relevant evidence appearing in the state court record, and are sufficient to satisfy the *Jackson* standard. The complainant testified that she noticed petitioner the first

time he entered the restaurant, and that she saw his face. When he returned the second time, he was wearing the same clothing, but had partially covered his face with a bandanna and was pointing a firearm at her. Following petitioner's apprehension by police a short while later, she positively identified petitioner as the robber and identified the sweater and bandanna as those worn by petitioner during the robbery. She further identified the firearm as similar to the one petitioner had pointed at her. The jury was free to believe or disbelieve her testimony, and it chose to accept her identification of petitioner as the robber. The jury was also free to weigh all the evidence and determine the credibility of witnesses, as well as resolve inconsistencies in the evidence and testimony in reaching a verdict. Petitioner's disagreement with the jury's actions and decisions is not grounds for setting aside the conviction.

The state court rejected petitioner's challenge to the sufficiency of the evidence. Petitioner fails to demonstrate that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record.

Respondent is entitled to summary judgment dismissal of petitioner's challenge to the sufficiency of the evidence.

## VII. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 8) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 30th day of December, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE